1

2

3

4

5

6                        UNITED STATES DISTRICT COURT

7                              DISTRICT OF NEVADA

8                                        * * *
                                          )
9    KIDA WESTERN HOLDINGS, LLC, A        )
     Nevada Limited-Liability Company,    )            03:07-CV-00523-LRH-RAM
10                                         )
                     Plaintiff,           )
11                                         )
     v.                                    )
12                                         )            ORDER
     MERCEDES-BENZ OF LAGUNA NIGUEL,       )
13   A Business Entity Form Unknown, MISSION )
     IMPORTS, A California Corporation, BRETT )
14   ROBERTS, An Individual and DOES 1     )
     Through 50, Inclusive,                )
15                                         )
                     Defendants.           )
16                                         )
                                           )
17   _____ )

18          Presently before the court is a Motion for Change of Venue (# 3[1]) filed by Defendants,

19   Mercedes-Benz of Laguna Niguel ("MB"), Mission Imports and Brett Roberts ("Roberts")

20   (collectively, "Defendants").  Plaintiff, Kida Western Holdings, LLC ("Kida Western"), has filed

21   an opposition (# 10), and Defendants replied (# 13).

22   **I.      Introduction**

23          Kida Western, a Nevada Limited-Liability Company, originally initiated this action in the

24   Ninth Judicial District Court for Douglas County, located in Northern Nevada, on October 5, 2007.

25   _____

26          [1]Refers to the court's docket number.

1   On November 5, 2007, Defendants removed this action to the United States District Court of

2   Nevada pursuant to diversity jurisdiction.  Defendants now request that venue be transferred to the

3   United States District Court for the Central District of California, Southern Division.

4   **II.   Factual Background**

5       Kida Western filed the present action seeking damages arising from allegations that

6   Defendants failed to deliver six vehicles purchased by Kida Western and failed to refund the

7   monies advanced for the purchase contracts.  (Defs.' Pet. for Removal (# 1), Compl., Ex. A ¶ 11.)

8   Kida Western's Complaint alleges several counts against MB/Mission Imports, which consist of

9   breach of contract, unjust enrichment, contractual breach of implied covenant of good faith and fair

10  dealing, and conversion.  *Id.*  In addition, Kida Western alleges fraudulent inducement against all of

11  the defendants.  *Id.* at ¶¶ 30-36.  The following discussion is a summary of the major events that

12  have been raised in connection with Defendants' Motion for Change of Venue (# 3).

13      In May of 2007, Kida Western purchased six vehicles from MB/Mission Imports.  (Pl.'s

14  Opp'n to Defs.' Mot. for Change of Venue (# 10) at 2.)  Dan Dixon ("Dixon"), an authorized

15  representative for Kida Western, negotiated for the sale and purchase of the vehicles with Roberts,

16  a fleet manager for MB/Mission Imports.  (Pl.'s Opp'n to Defs.' Mot. for Change of Venue, Dixon

17  Decl. ¶¶ 1, 4.)  Kida Western asserts that "all of the contract negotiations between the parties took

18  place in Nevada."  *Id.*  Defendants, on the other hand, state that the terms of the contracts were

19  negotiated between Roberts and Dixon over the telephone.  (Defs.' Reply (# 13), Roberts Aff., Ex.

20  A ¶¶ 4, 5.)

21      On or about June 16, 2007, Kida Western paid MB/Mission Imports the total sum of

22  $389,394.50 via wire transfer, which represented the amount due under the purchase contracts for

23  the six vehicles.  (Defs.' Reply (# 13), Dixon Decl. ¶ 7; Pl.'s Ex. to the Decl. of Dan Dixon (#

24

25

26
                                        2

12).[2])  After Kida Western paid for the vehicles, MB/Mission Imports neither delivered the cars nor refunded Kida Western for the total amount advanced pursuant to the contract terms.  (Defs.' Pet. for Removal (# 1), Compl., Ex. A ¶ 11.)  While admitting that it has retained $120,000.00 of the monies advanced for the purchase contracts, (Defs.' Reply (# 13)), MB/Mission Imports maintains that it is withholding the money as liquidated damages in response to an alleged breach of contract. Specifically, MB/Mission Imports argues that Kida Western violated the non-export addendums provisions under prior contracts between the parties.  (Defs.' Reply (# 13), Robison Aff. ¶¶ 25, 26.)

**III.    Legal Standard**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The determination of a motion to transfer rests within the sound discretion of the district court.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).  In determining whether granting a motion to transfer is appropriate, the court must weigh several factors in its consideration.  *Id.*  The court is free to consider such non-exclusive factors as: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof."  *Jones*, 211 F.3d at 498-499 (citing *Stewart Org., Inc.,* 487 U.S. at 29-31).  In examining a § 1404(a) motion, the

---

[2] The wire transfer attached to Kida Western's Exhibit to the Declaration of Dan Dixon has not been properly authenticated.  A wire transfer is authenticated when an affidavit, completed by a person with personal knowledge, states that the document is what it is purported to be and the affidavit is affixed thereto. Fed. R. Evid. 901(b)(1).  The wire transfer does not have an affidavit attached to it verifying the authenticity of the document. The court admonishes counsel that failure to properly authenticate evidence could lead to the court's exclusion of such evidence.  However, because the information contained in the wire transfer is not in dispute, the court acknowledges the document.

1  plaintiff's choice of forum is entitled to considerable weight, *Lou v. Belzberg*, 834 F.2d 730, 739

2  (9th Cir. 1987) (citing *Tex. E. Transmission Corp. v. Marine Office-Appelton & Cox Corp.*, 579

3  F.2d 561, 567 (10th Cir. 1978)), and the defendant must make a "strong showing of inconvenience

4  to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison*

5  *Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  In showing that change of venue is appropriate, "[i]t is not

6  enough, without more, to merely shift the inconvenience from one party to another." *Galli v.*

7  *Travelhost, Inc.*, 603 F. Supp. 1260, 1262 (D. Nev. 1985) (citing *Van Dusen v. Barrack*, 376 U.S.

8  612, 645-646 (1964)).

9  **IV.   Discussion**

10       Defendants request that venue be transferred to the United States District Court for the

11  Central District of California, Southern Division, pursuant to 28 U.S.C. § 1404(a).  Defendants

12  contend that the requested venue is proper because all of the defendants reside in California.

13  (Defs.' Mot. for Change of Venue (# 3) at 2.)  Furthermore, Defendants assert that the property that

14  is the subject of this action was situated in California at all times during the negotiations of the

15  vehicle purchase contracts.  *Id*.  As a result, Defendants maintain that venue is proper in the United

16  States District Court of California, Southern Division.

17       In addition to alleging that venue is proper in the requested forum, Defendants argue that

18  venue should be changed for convenience and in the interests of justice because all of the

19  defendants reside and work in Orange County, California.  *Id.* at 3.  Moreover, Defendants'

20  maintain that their witnesses are located in California.  *Id.*  Thus, all of the defendants and their

21  witness would have to travel from California to the District of Nevada in order to litigate this

22  dispute.

23       Upon reviewing the parties' points and authorities, the relevant law, and the record as a

24  whole, the court finds that a transfer of venue is not warranted.  Plaintiff Kida Western is correct in

25  arguing that a plaintiff's choice of venue is entitled to weighty consideration, and after examining

26

4

1    the *Jones* factors as a whole, the balance tips in favor of Kida Western and against transfer.

2    While Defendants argue that Plaintiff's choice of forum in this case deserves reduced

3 significance because it is alleged that a substantial number of events that gave rise to this litigation

4 occurred in California, (Defs.' Reply (# 13) at 10), Kida Western's decision to litigate this case in

5 the District of Nevada is nevertheless entitled to considerable weight. *Lou v. Belzberg*, 834 F.2d at

6 739; *Galli v. Travelhost, Inc.*, 603 F. Supp. at 1262 (stating,*"*[i]n evaluating a §1404(a) motion, the

7 citizen plaintiff's choice of a proper forum is entitled to 'paramount consideration...'").  Even

8 though Defendants claim that a number of events took place in California, significant events

9 concerning this litigation occurred in Nevada.  Kida Western is a Nevada registered Limited-

10 Liability Company and is located in Nevada.  In addition, Kida Western's key witness, Dan Dixon,

11 is a resident of Nevada.  As a result, because Nevada is the resident state of Plaintiff and its key

12 witness, the factor considering Plaintiff's choice of venue weighs heavily in favor of Kida Western

13 and against transfer.

14    An additional factor that the court finds favoring Kida Western is the location where the

15 relevant agreements were negotiated and executed.  Although Defendants assert that the most

16 relevant events leading to this litigation took place in California, it is apparent that negotiations

17 occurred, in part, in Nevada.  (Defs.' Reply (# 13) at 8-9.)  What is more, Defendants themselves

18 maintain that the contracts for the purchase of the vehicles were mailed to Dixon in Nevada,

19 intending that they be signed by him there.  *Id.* at 8.  Because these facts are not in dispute, it is

20 clear that Defendants knew that they were contracting with a Nevada Limited-Liability Company

21 and they were negotiating with one of Kida Western's representatives in Nevada.  Consequently,

22 the relevant agreements at issue were executed and partially negotiated in Nevada, and because

23 these events are significant to this litigation, it is appropriate that this case remain in the District of

24 Nevada.

25

26                                     5

1    In its Reply (# 13),[3] Defendants raised additional factors in support of their request for

2    change of venue, to which Kida Western did not have an opportunity to respond.  Defendants argue

3    that because they have identified fourteen California witnesses, and Kida Western has only

4    identified one key Nevada witness, transfer to the Central District of California is supported since

5    transporting to and lodging the witnesses and Defendants in Nevada will increase inconvenience to

6    the parties and their witnesses and increase the costs of litigation.  (Defs.' Reply at 8.)  However,

7    § 1404(a) motions are not mechanisms to be used in order to shift inconveniences from one party to

8    the other.  Transferring this action to California would certainly inconvenience Kida Western.

9    And, because it is the defendants in this case who must make a strong showing of inconvenience in

10   order to warrant transfer, Defendants have failed to meet their burden and neither party is favored

11   by this factor.

12   Moreover, Defendants contend that because the original purchase contracts, bills of lading,

13   MSO paperwork, vehicles, and the withheld $120,000.00 are all located in California, the "ease of

14   access to sources of proof" factor favors Defendants.  *Id.* at 10.  Yet, much of the evidence

15   Defendants cite is easily transported to the District of Nevada and Defendants have not shown that

16   they would be significantly burdened by transporting the documents.  Therefore, while this factor

17   may slightly favor Defendants, because the evidence is easily transferable, Defendants have not met

18   their burden in light of the other factors.

19   Defendants also claim that because Kida Western's contacts with California are numerous,[4]

20

21   _____

22   [3]Arguments raised for the first time in a party's reply points and authorities are generally not considered by the court.

23   [4]In support of Defendants's argument that Kida Western's contacts with California were numerous, Defendants
24   point to the following actions purportedly done by  Dixon: he went to the California dealership prior to negotiation of the
     contracts, requested that MB/Mission Imports send all documentation to his attorney who was located in California,
     authorized his attorney to handle the wire transfers, the money was wired to California, hired a California transport company
25   to pick up the vehicles from the dealership, and traveled to meet with his attorney in California before finalizing the deals
     with MB/Mission Imports.  Furthermore, Defendants state that Plaintiff's claim of breach of contract occurred at the
26   dealership and the claim of wrongful conversion occurred in California.

6

1    transfer is further supported.  *Id.* at 11.  Like the reasoning employed under the accessability of

2    proof factor, merely indicating that California could be a proper forum is insufficient to warrant

3    transfer.  Thus, this factor favors neither party.

4              Additionally, Defendants assert that there will be several witnesses who will be out of reach

5    of the court's compulsory process, a factor that Defendants contend weighs in support of

6    transferring the case to California.  *Id.* at 12.  While there is the possibility that some of the

7    witnesses Defendants referenced in their Reply would be "unwilling" to attend, Defendants do not

8    indicate why they believe the witnesses would be unwilling and the impact of those witnesses'

9    testimony on the litigation, or whether other sources of evidence exist.  Therefore, Defendants have

10   not shown that the possibility of the compulsory process being unavailable would affect this case.

11             Finally, Defendants argue that the public policy of the forum weighs in favor of transfer

12   because the Central District of California is well equipped to familiarize itself with the governing

13   law and other relevant considerations due to the infancy of the case, the contracts at issue have little

14   to do with Nevada, and the administrative difficulties are few.  *Id.* at 12-14.  Again, while

15   Defendants have established that California could have been a proper forum, there has been no

16   indication that public policy and justice would be better served if this case is transferred to

17   California.  Thus, Defendants have not met their burden, and this factor favors neither Defendant

18   nor Plaintiff.

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26
                                                    7

1   In light of the district court's broad discretion in determining a motion for change of venue,

2   and after considering all of the factors as a whole, the court finds that Defendants have not met

3   their burden of establishing that the requested venue change would be more convenient for the

4   parties and better serve the interests of justice.

5   IT IS THEREFORE ORDERED that Defendants' Motion for Change of Venue (# 3) is

6   hereby DENIED.

7   IT IS SO ORDERED.

8   DATED this 18th day of January, 2008.

_____

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

8